# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| ROBERT ALEXANDER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CV415-032 |
| | ) | |
| STATE OF GEORGIA, | ) | |
| | ) | |
| Respondent. | ) | |

## **REPORT AND RECOMMENDATION**

Robert Alexander has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 attacking his 2002 Chatham County Superior Court conviction and twenty-year sentence for statutory rape. (Doc. 1.) Alexander has been released from imprisonment under that sentence, but it is not yet fully expired. *See* Georgia Department of Corrections Offender Inquiry, available at http://www.dcorstate.ga.us/GDC/OffenderQuery/jsp/OffQryRedirector.jsp. He has since been transferred to federal custody to serve several more years for violating parole by committing the underlying state offense. *See Alexander v. United States Parole Commission*, No. CV504-028, doc. 12 (S.D. Ga.

Nov. 3, 2004) (reciting the tortured history of Alexander's repeated parole violations following his 1987 sentence for bank robbery).[1] Upon preliminary review under Rule 4 of the Rules Governing Section 2254 Cases, his petition must be dismissed on untimeliness grounds.[2]

The timeliness of a § 2254 petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),

---

[1] To the extent Alexander seeks to challenge the state conviction because it was used to enhance his current federal sentence, he has to bring his suit under 28 U.S.C. § 2255 rather than 28 U.S.C. § 2254. *See Means v. Alabama*, 209 F.3d 1241, 1242 (11th Cir. 2000) (prisoner challenging an expired state sentence used to enhance his current federal sentence must bring suit under 28 U.S.C. § 2255 rather than § 2254).

[2] There is no "custody" issue here. The general rule is that federal habeas courts have

> jurisdiction to entertain a § 2254 petition only if the petitioner is "in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The "in custody" requirement means "that the habeas petitioner [must] be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490–91, 109 S. Ct. 1923, 1925 (1989). Generally, if the petitioner's state sentence has fully expired, he does not meet the "in custody" requirement. *Id.* at 492, 109 S. Ct. at 1926.

*Green v. Price*, 439 F. App'x 777, 781-82 (11th Cir. 2011). Alexander has been released from state prison, but his sentence has not fully expired. Hence, he appears to meet the jurisdictional requirement that he be "in custody." *See Duvallon v. Florida*, 691 F.2d 483, 484-85 (11th Cir. 1982) ("in custody" requirement may be met where petitioner is on probation, parole, or bail).

which established a one-year statute of limitations for habeas corpus petitions filed by state prisoners. *See* 28 U.S.C. § 2244(d). Alexander was sentenced on December 16, 2002. (Doc. 1 at 1.) Because he did not appeal (doc. 1 at 2; doc. 1-1 at 4), his sentence became "final" thirty days later. O.C.G.A. § 5-6-35. He submitted his state habeas petition for filing on May 14, 2008, many years later. (Doc. 1 at 3.) Although the state habeas action would have tolled the one-year federal limitations period if any time was remaining, 28 U.S.C. § 2244(d)(2), here there was no time remaining and his belated state habeas action did not serve to reset the clock. *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (a state habeas petition filed after the AEDPA limitations period has expired cannot toll the statute of limitations because there is no time left to toll). Hence, this petition is untimely many years.

Accordingly, Alexander's § 2254 petition should be **DISMISSED**. Moreover, applying the Certificate of Appealability ("COA") standards, the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1);

see *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this 7TH day of May, 2015.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA